MAXWELL, J., for the Court:
 

 ¶ 1. A jury in the Circuit Court of Montgomery County found Trevarus Cijuan Daniels guilty of armed robbery. The circuit judge sentenced Daniels to twenty-five years in the custody of the Mississippi Department of Corrections, with five years suspended and five years of supervised probation. Daniels now appeals his conviction claiming the State used its peremptory challenges in a discriminatory manner to remove females and African Americans from the venire. Finding no
 
 Batson
 
 objections were made at trial, Daniels’s claims are waived. Furthermore, we are unable to discern from the record any discriminatory intent on the part of the State in exercising its peremptory challenges.
 

 FACTS
 

 ¶ 2. On the night of July 28, 2008, four people attempted to rob the Campbell Hill Grocery in Winona, Mississippi. The robbers were not identified because they wore masks. The following day, Daniels told his mother that he had done something “stupid” and admitted to her that he had attempted to rob the store. Daniels was later charged with armed robbery.
 

 ¶ 3. At trial, Daniels testified he had falsely implicated himself in the robbery, and his statement to police had been fabricated. Specifically, he alleged the chief of police had told him what to say. After deliberating for forty minutes, the jury found Daniels guilty of armed robbery.
 

 DISCUSSION
 

 ¶ 4. In
 
 Batson v. Kentucky,
 
 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court prohibited racial discrimination through the use of peremptory challenges. “The
 
 Batson
 
 rationale has also been extended to include gender discrimination.”
 
 Ross v. State,
 
 16 So.3d 47, 56 (¶ 18) (Miss.Ct.App.2009) (quoting
 
 Harper v. State,
 
 887 So.2d 817, 827 (¶ 44) (Miss.Ct.App.2004)).
 

 ¶ 5. On appeal, Daniels takes issue with the State’s uncontested use of eight per
 
 *1185
 
 emptory challenges to exclude seven African Americans, five of whom were female, and one white female.
 

 ¶ 6. The jury venire included eight black males, fifteen white males, fourteen black females, and nineteen white females. After the parties finished voir dire, they exercised their peremptory challenges. Daniels failed to raise any
 
 Batson
 
 challenges. The final jury was composed of two black males, three white males, two black females, and five white females.
 

 I. Daniels’s Failure to Object
 

 ¶ 7. During voir dire, Daniels made no objections to the manner in which the State used its peremptory challenges. Thus, he attempts to invoke
 
 Batson
 
 challenges for the first time on appeal.
 

 ¶ 8. To raise a
 
 Batson
 
 challenge, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race or gender.
 
 Ross,
 
 16 So.3d at 56 (¶ 18) (citing
 
 Brawner v. State,
 
 872 So.2d 1, 9-10 (¶¶ 25-26) (Miss.2004)). Once this showing is made, the burden shifts to the State to articulate race or gender neutral reasons for striking the juror.
 
 Id.
 
 The defendant may rebut the State’s explanations, and the court must then determine if the defendant carried his burden of proving purposeful discrimination.
 
 Id.
 

 ¶ 9. Uniform Rule of Circuit and County Court 4.05(B) requires constitutional objections to the use of peremptory challenges to be made at the time the panel is tendered. Furthermore, our supreme court has held: “[A] party who fails to object to the jury’s composition before it is empaneled waives any right to complain thereafter.”
 
 Ross,
 
 16 So.3d at 56 (¶ 19) (quoting
 
 Thorson v. State,
 
 895 So.2d 85, 118 (¶ 81) (Miss.2004)). Nevertheless, Daniels argues the circuit judge was required to inquire into the State’s challenges and invoke a
 
 Batson
 
 hearing sua sponte. However, we find his argument directly conflicts with our supreme court’s clear instruction that: “ ‘a trial judge does not have the authority to invoke a
 
 Batson
 
 hearing on his own initiative,’ without the opposing party first making a prima facie showing of discriminatory purpose.”
 
 Brawner,
 
 872 So.2d at 11 (¶ 28) (quoting
 
 Stewart v. State,
 
 662 So.2d 552, 559 (Miss.1995)). Because Daniels failed to raise any
 
 Batson
 
 challenges before the jury was empaneled, we find he waived his right to complain about the jury’s composition.
 

 II. Plain Error
 

 ¶ 10. Daniels next claims no objection is needed where discrimination is apparent from the record. He requests that we review the State’s exercise of peremptory challenges for plain error. In conducting a plain-error analysis, we determine “if the trial court has deviated from a legal rule, whether the error is plain, clear or obvious, and whether the error has prejudiced the outcome of the trial.”
 
 Smith v. State,
 
 984 So.2d 295, 307 (¶43) (Miss.Ct.App.2007) (quoting
 
 Cox v. State,
 
 793 So.2d 591, 597 (¶22) (Miss.2001)).
 

 ¶ 11. Daniels relies on
 
 McGee v. State,
 
 953 So.2d 211 (Miss.2007), in support of his plain-error argument. But we find the facts in
 
 McGee
 
 are clearly distinguishable from the present case. In
 
 McGee,
 
 the defense objected to the State’s use of peremptory challenges to exclude African Americans from the jury.
 
 Id.
 
 at 213 (¶ 5). The State explained that it struck a black male juror because his brother had a drug conviction.
 
 Id.
 
 at 214 (¶ 5). The circuit judge then asked the State why it struck the African American male but did not strike a white female juror whose mother had a drug conviction.
 
 Id.
 
 The prosecutor responded:
 

 
 *1186
 
 The other reason — and it had nothing to do with Mr. Washington’s race — it’s that he’s a male. And I don’t know if gender is discrimination or something, but Ms. Deandrea is a female, so between the two, a female or a male, I would rather have a female, you know, taking criminal convictions, if that family member have [sic] criminal convictions.
 

 Id.
 
 There was no objection based on gender discrimination, and the juror was excluded.
 
 Id.
 
 at (¶ 6). Because of the prosecutor’s obvious gender discrimination during jury selection, the supreme court reversed the defendant’s conviction and remanded the case for a new trial.
 
 Id.
 
 at 215-16 (¶ 11).
 

 ¶ 12. Here, we see no deviation from Batson’s clear directives. Also, unlike
 
 McGee,
 
 we find no obvious or explicit proffered race or gender-based discrimination by the State.
 
 Id.
 
 at 214 (¶ 6). Rather, the State’s peremptory strikes were uncontested. The venire consisted of eight black males, fifteen white males, fourteen black females, and nineteen white females. The final jury included two African American males, three white males, two African American females, five white females, and the alternate juror was an African American female. Daniels fails to point to any discriminatory intent on the part of the State or show prejudice. Further, we see nothing in the record to establish error or prejudice to Daniels. Thus, Daniels’s waiver notwithstanding, we are unable to find plain error.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.